UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------X
KEVIN L. JEFFERSON,

                    Plaintiff,

                                        ORDER
        -against-                       17-CV-3273(JS)(AYS)

STEVEN SOE, Correction Officer;
JAMES JOE, Commissary Officer;
RICK ROE, Commissary Officer;
TONY TOE, Corrections Sergeant;
ZEUS ZOE, Warden of the SCJ; and
COUNTY OF SUFFOLK,

                    Defendants.
----------------------------------X
APPEARANCES:
For Plaintiff:      Kevin L. Jefferson, pro se
                    139539
                    Suffolk County Jail
                    110 Center Drive
                    Riverhead, NY 11901

For Defendants:     No appearances.

SEYBERT, District Judge:

         On May 30, 2017, incarcerated pro se plaintiff Kevin L.

Jefferson ("Plaintiff") filed a Complaint against the County of

Suffolk (the "County") and five (5) unidentified individuals

alleged to work at the Suffolk County Jail (collectively,

"Defendants") alleging a deprivation of his civil rights pursuant

to 42 U.S.C. § 1983 ("Section 1983"). Plaintiff's Complaint is

accompanied by an application to proceed in forma pauperis and an

Order to Show Cause seeking the entry of a Temporary Restraining

Order and a Preliminary Injunction. By Electronic Order dated

June 5, 2017, the undersigned denied Plaintiff's application for

a Temporary Restraining Order and deferred ruling on the

application for a Preliminary Injunction pending the determination of Plaintiff's Motion to Proceed In Forma Pauperis.

Upon review of Plaintiff's declaration in support of his application to proceed in forma pauperis, the Court finds that Plaintiff's financial status qualifies him to commence this action without prepayment of the filing fees. See 28 U.S.C. § 1915(a)(1). Accordingly, Plaintiff's application to proceed in forma pauperis is GRANTED and the Court ORDERS service of the Complaint by the United States Marshal Service ("USMS") without prepayment of the filing fee. Plaintiff's Order to Show Cause seeking the entry of a Preliminary Injunction is DENIED for the reasons that follow.

BACKGROUND

I.   The Complaint

Plaintiff's brief Complaint alleges a deprivation of his First Amendment rights. More specifically, Plaintiff claims that, on May 11, 2017, his requests for grievance forms and "No Funds"[1] envelopes were denied by Steven Soe ("Soe"), James Joe ("Joe"), and Rick Roe ("Roe"). According to the Complaint, Plaintiff informed Joe and Roe that he needed envelopes in order to timely respond to

---

[1] Plaintiff has annexed to the Complaint as "Exhibit D" at page 27, a typed-page that appears to be an excerpt from an unidentified source whereon paragraph five is hi-lighted and reads, as follows, in relevant part: "No Commissary Funds Inmates who have no funds or less than $1.00 in their commissary account for more than one week are entitled to: paper, envelopes, pencil, and toothpaste. . . . No funds commissary will be delivered on Tuesday at the Yaphank Facilities and Friday at the Riverhead Facility." (Compl. at 27.)

a May 15, 2017 deadline to file a pleading in a pending civil case, Jefferson v. Rosenblatt, 13-CV-5918. (Compl. at 4.) Notwithstanding Plaintiff's "plea for assistance," Defendants allegedly denied Plaintiff's request. (Compl. at 4.) Accordingly, Plaintiff contends that Defendants, "intentionally and with full understanding and awareness of the impact of their individual and collective actions", deprived Plaintiff of his "First Amendment freedoms (speech, the right of access to the court, and to petition for redress of grievances)." (Compl. at 4.) Plaintiff surmises that, given his lengthy litigation history against the County and its employees, together with his success in obtaining injunctive relief in Jefferson v. Doe, 08-CV-0204, Defendants' denials of grievance forms and/or envelopes are retaliatory. (See Exs. annexed to the Compl., generally.)

For relief, Plaintiff seeks an award of compensatory damages in the amount of $250,000 and punitive damages in the amount of $350,000. (Compl. at 5.) Plaintiff also seeks "appropriate preliminary injunctive relief" and references his application for a Preliminary Injunction. (Compl. at 5.)

II. The Application for a Preliminary Injunction

Plaintiff's ex parte Order to Show Cause does not include a proposed order, nor does it include the specific conduct Plaintiff seeks to enjoin. As the Court can best discern, Plaintiff seeks a preliminary injunction enjoining the Defendants

from denying his requests for grievance forms and envelopes, and/or imposing any adverse consequences for the exercise of Plaintiff's First Amendment rights.   Plaintiff alleges, as grounds for his motion, that he has been identified as litigious by corrections staff and, in an effort to deter Plaintiff from filing further grievances and lawsuits, various jail privileges have been denied to him and other inmates, such as television time and lock-out time.  In addition, Plaintiff alleges he was removed from his food cart service job without cause.  (See Order to Show Cause, generally).

DISCUSSION

I.  In Forma Pauperis Application

Upon review of Plaintiff's declaration in support of the application to proceed in forma pauperis, the Court finds that Plaintiff is qualified to commence this action without prepayment of the filing fees.  See 28 U.S.C. § 1915(a)(1).   Therefore, Plaintiff's request to proceed in forma pauperis is GRANTED.

II.  Application of 28 U.S.C. § 1915

Section 1915 of Title 28 requires a district court to dismiss an in forma pauperis complaint if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.   See 28 U.S.C. §§ 1915(e)(2)(B)(i)-(iii), 1915A(b).  The Court is required to dismiss the action as soon as

it makes such a determination.  28 U.S.C. § 1915A(a).

Courts are obliged to construe the pleadings of a pro se plaintiff liberally.  See Sealed Plaintiff v. Sealed Defendant, 537 F.3d 185, 191 (2d Cir. 2008); McEachin v. McGuinnis, 357 F.3d 197, 200 (2d Cir. 2004).  However, a complaint must plead sufficient facts to "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570, 127 S. Ct. 1955, 1974, 167 L. Ed. 2d 929 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009) (citation omitted).  The plausibility standard requires "more than a sheer possibility that a defendant has acted unlawfully."  Id. at 678; accord Wilson v. Merrill Lynch & Co., 671 F.3d 120, 128 (2d Cir. 2011).  While "'detailed factual allegations'" are not required, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'"  Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 555).

III.  Application For a Preliminary Injunction

It is well-established that "interim injunctive relief is an extraordinary and drastic remedy which should not be routinely granted."  Buffalo Forge Co. v. Ampco-Pittsburgh Corp., 638 F.2d 568, 569 (2d Cir. 1981) (internal quotation marks and

citation omitted).  To obtain a preliminary injunction, the movant "must show irreparable harm absent injunctive relief, and either a likelihood of success on the merits, or a serious question going to the merits to make them a fair ground for trial, with a balance of hardships tipping decidedly in plaintiff's favor."  <u>Louis Vuitton Malletier v. Dooney & Bourke, Inc.</u>, 454 F.3d 108, 113-14 (2d Cir. 2006) (citing <u>Jackson Dairy, Inc. v. H.P. Hood & Sons, Inc.</u>, 596 F.2d 70, 72 (2d Cir. 1979)); <u>see also</u> <u>Christian Louboutin S.A. v. Yves Saint Laurent Am. Holdings, Inc.</u>, 696 F.3d 206, 215 (2d Cir. 2012); <u>Citigroup Global Markets, Inc. V. VCG Special Opportunities Master Fund, Ltd.</u>, 598 F.3d 30, 35 (2d Cir. 2010); <u>see also</u> F<span>ED</span>. R. C<span>IV</span>. P. 65.

 "Such relief, however, 'is an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion.'"  <u>Moore v. Consol. Edison Co. of N.Y.</u>, 409 F.3d 506, 510 (2d Cir. 2005) (quoting <u>Mazurek v. Armstrong</u>, 520 U.S. 968, 972, 117 S. Ct. 1865, 1867, 138 L. Ed. 2d 162 (1997)).  When the moving party seeks a "mandatory injunction that alters the status quo by commanding a positive act," as is the case here, the burden is even higher.  <u>Citigroup Global Mkts.</u>, 598 F.3d at 35, n.4 (internal quotation marks and citation omitted); <u>see also</u> <u>Jolly v. Coughlin</u>, 76 F.3d 468, 473 (2d Cir. 1996).  A mandatory preliminary injunction "should issue only upon a clear showing that the moving party is

entitled to the relief requested, or where extreme or very serious damage will result from a denial of preliminary relief." Citigroup Global Mkts., 598 F.3d at 35 n.4 (internal quotation marks and citation omitted). "In the prison context, a request for injunctive relief must always be viewed with great caution so as not to immerse the federal judiciary in the management of state prisons." Dolberry v. Jakob, No. 11-CV-1018, 2017 WL 2126812, at *3 (N.D.N.Y. May 16, 2017) (citations omitted).

Moreover, the relief requested by Plaintiff appears to be an "obey the law" injunction. "'Obey the law' injunctions are vague, do not require the defendants to do anything more than that already imposed by law, subject the defendants to contempt rather than statutorily prescribed sanctions, and are not readily capable of enforcement. As such, these injunctions are not favored." Id. 2017 WL 2126812, at *4 (citing N.L.R.B. v. Express Pub. Co., 312 U.S. 426, 435-36, 61 S. Ct. 693, 699, 85 L. Ed. 930 (1941)); see also Rowe v. N.Y. State Div. of Budget, 11-CV-1150, 2012 WL 4092856, at *7 (N.D.N.Y. Sept. 17, 2012); New York v. Shinnecock Indian Nation, 560 F. Supp. 2d 186, 189 (E.D.N.Y. 2008). Indeed, the Second Circuit instructs that, "[u]nder Rule 65(d), an injunction must be more specific than a simple command that the defendant obey the law." S.C. Johnson & Son, Inc. v. Clorox Co., 241 F.3d 232, 240 (2d Cir. 2001) (internal quotation marks and citation omitted). Ultimately, the decision to grant or deny this

"drastic" remedy rests in the district court's sound discretion. See, e.g., Moore, 409 F.3d at 511 (A district court has "wide discretion in determining whether to grant a preliminary injunction.").

> A.   Likelihood of Success on the Merits or Sufficiently Serious Questions Going to the Merits to Make Them a Fair Ground for Litigation and Balance of the Hardships

Plaintiff's sparse Complaint alleges only that his request for: (1) two grievance forms on May 11, 2017 was denied[2]; and (2) "no funds envelopes" on the same date was also denied. Thus, the Court must consider whether there is a likelihood of success on the merits of Plaintiff's claim that these denials violated his First Amendment rights.[3]

_____

[2] The Court liberally construes the Complaint to allege that the denial of the grievance forms was in retaliation for Plaintiff's history of filing grievances and/or lawsuits. To the extent Plaintiff seeks to allege that the denial of the grievance forms, absent retaliation, is an independent deprivation of Plaintiff's First Amendment Right to Petition the Government for Redress of Grievances, such claim fails as a matter of law. "'[Although] there is a First Amendment right of meaningful access to the courts and a right to petition the government for redress, inmate grievance procedures are not required by the Constitution and therefore a violation of such procedures does not give rise to a claim under § 1983.'" Crichklow v. Fischer, 2017 WL 920753, at *7 (W.D.N.Y. Mar. 7, 2017) (quoting Cancel v. Goord, No. 00-CV-2042, 2001 WL 303713, at *3 (S.D.N.Y. Mar. 29, 2001) (internal citations omitted)).

[3] Although Plaintiff includes several other incidents of adverse consequences imposed by Defendants as a result of Plaintiff's exercise of his First Amendment Rights in his Order to Show Cause, such incidents are not part of the Complaint, and, are thus not part of the "likelihood of success" analysis. Omega World Travel, Inc. v. Trans World Airlines, 111 F.3d 14, 16 (4th Cir. 1997) (reversing district court's granting of motion for

8

1.  First Amendment Retaliation Claim

"[A] plaintiff asserting First Amendment retaliation claims must allege (1) that the speech or conduct at issue was protected, (2) that the defendant took adverse action against the plaintiff, and (3) that there was a causal connection between the protected speech and the adverse action." Davis v. Goord, 320 F.3d 346, 352 (2d Cir. 2003) (internal quotation marks omitted). Prisoner claims of retaliation are examined "with skepticism and particular care" because of "both the near inevitability of decisions and actions by prison officials to which prisoners will take exception" and "the ease with which claims of retaliation may be fabricated." Colon v. Coughlin, 58 F.3d 865, 872 (2d Cir. 1995) (citing Flaherty v. Coughlin, 713 F.2d 10, 13 (2d Cir. 1983)). Accordingly, claims of this nature "'must be supported by specific and detailed factual allegations, [and] not stated 'in wholly conclusory terms.'" Friedl v. City of N.Y., 210 F.3d 79, 86 (2d Cir. 2000) (quoting Flaherty, 713 F.2d at 13).

For purposes of this Order, the Court presumes that Plaintiff's previous filing of grievances and court complaints

_____

preliminary injunctive relief because injury sought to be prevented through preliminary injunction was unrelated to injury which gave rise to complaint); see also Lewis v. Johnston, No. 08-CV-0482, 2010 WL 1268024, at *3 (N.D.N.Y. Apr. 1, 2010) (denying motion for injunctive relief based upon actions taken by staff at Great Meadow Correctional Facility in 2010, where the complaint alleged wrongdoing that occurred at Franklin and Upstate Correctional Facilities in 2006 and 2007).

constitute a protected activity. See, e.g., Graham v. Henderson, 89 F.3d 75, 80 (2d Cir. 1996). Plaintiff alleges that adverse action was taken against him in that he was denied grievance forms and envelopes on May 11, 2017. "Only retaliatory conduct that would deter a similarly situated individual of ordinary firmness from exercising his or her constitutional rights constitutes an adverse action for a claim of retaliation." Dawes v. Walker, 239 F.3d 489, 493 (2d Cir. 2001), overruled on other grounds, Swierkiewicz v. Sorema N. A., 534 U.S. 506, 122 S. Ct. 992, 152 L. Ed. 2d 1 (2002). "In making this determination, the court's inquiry must be tailored to the different circumstances in which retaliation claims arise, bearing in mind that [p]risoners may be required to tolerate more . . . than average citizens, before a [retaliatory] action taken against them is considered adverse." Davis, 320 F.3d at 353 (alterations and ellipsis in original) (internal quotation marks and citation omitted).

Here, the alleged retaliatory conduct was the brief delay in providing Plaintiff with the requested grievance forms. Such delay can hardly be considered adverse action for purposes of Plaintiff's First Amendment retaliation claim given that Plaintiff was not deterred from filing grievances, and, in fact did so on May 15, 2017. See Grievance # Y-2017-036, dated May 15, 2017, annexed as Ex. B to the Complaint at page 12. Moreover, there is no causal connection between Plaintiff's alleged protected speech

and the denial of the grievance forms.  Plaintiff cites only a 2013 lawsuit as an example of the protected speech and does not include any recent instances of protected speech.  Espinal v. Goord, 558 F.3d 119, 129 (2d Cir. 2009) ("A plaintiff can establish a casual connection that suggests retaliation by showing that protected activity was close in time to the adverse action.")  Thus, there are no facts in the Complaint from which the Court could reasonably construe the required causal connection.  Accordingly, Plaintiff has not established a likelihood of success on his First Amendment retaliation claim.  Nor has Plaintiff established that there are sufficiently serious questions going to the merits with a balance of hardships tipping decidedly in his favor.  Ivy Mar Co. v. C.R. Seasons Ltd., 907 F. Supp. 547, 561 (E.D.N.Y. 1995) ("[B]are allegations, without more, are insufficient for the issuance of a preliminary injunction."); Hancock v. Essential Resources, Inc., 792 F. Supp. 924, 928 (E.D.N.Y. 1992) ("Preliminary injunctive relief cannot rest on mere hypotheticals. . . .").

    2.  Denial of Access to the Courts Claim

Plaintiff also appears to claim that Defendants have deprived him of his First Amendment right of access to the courts by denying his request for envelopes.  The Supreme Court has long held that inmates are guaranteed a right of access to the courts under the First Amendment to the Constitution.  See Lewis v. Casey, 518 U.S. 343, 350, 116 S. Ct. 2174, 2179, 135 L. Ed. 2d 606 (1996);

Bounds v. Smith, 430 U.S. 817, 828, 97 S. Ct. 1491, 1498, 52 L. Ed. 2d 72 (1977). To state such a claim, "a plaintiff must allege that (1) the defendant acted deliberately and maliciously, and (2) the plaintiff suffered an actual injury." Graham v. City of Albany, No. 08-CV-0892, 2009 WL 4263510, at *8 (N.D.N.Y. Nov. 23, 2009); see also Davis v. Goord, 320 F.3d 346, 351 (2d Cir. 2003) (citing Lewis, 518 U.S. at 353, 116 S. Ct. at 2181).

Here, as is readily apparent, Plaintiff has not--and cannot--demonstrate that he has suffered an actual injury as a result of the denial of the envelopes on May 11, 2017. Plaintiff contends that he needed the envelopes in order to mail papers to Court (with a copy to his adversary) in another pending case brought by Plaintiff, Jefferson v. Rosenblatt, 13-CV-3918. A review of the docket in that case reflects that Magistrate Judge Arlene R. Lindsay entered a Scheduling Order, dated March 29, 2017 (see Docket No. 37, that required Plaintiff to file his Narrative Statement by May 15, 2017. Having not received the Narrative Statement, by Order dated June 7, 2017, Judge Lindsay directed the parties to submit a joint status letter on or before June 29, 2017. Thus, there has been no adverse consequence to Plaintiff's failure to meet the May 15, 2017 deadline. Given that Plaintiff's deadline was extended, he has not suffered any harm as a result of the denial of the envelopes. Moreover, given that Plaintiff has successfully filed the present Complaint and Order to Show Cause,

he clearly had access to envelopes and chose to file the instant application rather than his Narrative Statement as was ordered by Judge Lindsay.  Thus, Plaintiff's access to courts claim has little likelihood of success, nor are there sufficiently serious questions going to the merits with a balance of hardships tipping decidedly in Plaintiff's favor.

Given that Plaintiff has not established that there is either a likelihood of success on the merits or that there are sufficiently serious questions going to the merits with a balance of hardships tipping decidedly in his favor, the Court need not address the irreparable harm prong and Plaintiff's application for a Preliminary Injunction is DENIED.

IV.  <u>Valentin Order</u>

The USMS will not be able to effect service of the Summonses and the Complaint on the unidentified Defendants without more information.  The Second Circuit has held that district courts must provide incarcerated <u>pro</u> <u>se</u> litigants with reasonable assistance in investigating the identity of such "John Doe" defendants.  <u>See</u> <u>Valentin v. Dinkins</u>, 121 F.3d 72, 75–76 (2d Cir. 1997).  Accordingly, the Court ORDERS that the Clerk of the Court serve a copy of the Complaint together with this Order on the Suffolk County Attorney.  The Suffolk County Attorney's Office is requested to attempt to ascertain the full names of the unnamed individuals who are described in the Complaint and to provide to

the Court and to Plaintiff their names and the address(es) where these individuals can be served within thirty (30) days of the date that this Order is served upon it. Once the information is provided to the Court by the Suffolk County Attorney's Office, Plaintiff's Complaint shall be deemed amended to reflect the full names of the unnamed Defendants, Summonses shall be issued as to these Defendants, and the USMS shall serve them. The Suffolk County Attorney need not undertake to defend or indemnify these individuals at this juncture. This Order merely provides a means by which Plaintiff may properly name and serve the unnamed Defendants as instructed by the Second Circuit in <u>Valentin</u>.

CONCLUSION

For the reasons set forth above, Plaintiff's application to proceed <u>in</u> <u>forma</u> <u>pauperis</u> is GRANTED and his application for a Preliminary Injunction is DENIED. The Court ORDERS that the Clerk of the Court serve a copy of the Complaint together with this Order on the Suffolk County Attorney. The Suffolk County Attorney's Office is requested to attempt to ascertain the full names of the unnamed individuals who are described in the Complaint and to provide to the Court and to Plaintiff their names and the address(es) where these individuals can be served within thirty (30) days of the date that this Order is served upon it. Once the information is provided to the Court by the Suffolk County Attorney's Office, Plaintiff's Complaint shall be deemed amended

to reflect the full names of the unnamed Defendants, Summonses shall be issued as to these Defendants, and the USMS shall serve them, together with the named Defendant, Suffolk County.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore <u>in</u> <u>forma</u> <u>pauperis</u> status is DENIED for the purpose of any appeal.  <u>See</u> <u>Coppedge v. United States</u>, 369 U.S. 438, 444-45, 82 S. Ct. 917, 8 L. Ed. 2d 21 (1962).

The Clerk of the Court is further directed to mail a copy of this Order to the <u>pro</u> <u>se</u> Plaintiff.


SO ORDERED.


<u>/s/ JOANNA SEYBERT</u>
Joanna Seybert, U.S.D.J.

Dated: July _6_, 2017
       Central Islip, New York